UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Derrick Lee Cardello-Smith, *et al.*,

                Petitioners,    Case No. 25-cv-13591

v.    Judith E. Levy
    United States District Judge

Jeffrey Howard, *et al.*,

    Mag. Judge Curtis Ivy, Jr.

                Respondents.

_____/

**OPINION AND ORDER SUMMARILY DISMISSING
THE PETITION FOR A WRIT OF HABEAS CORPUS [1]**

This is a habeas action brought under 28 U.S.C. § 2254 by Petitioners Derrick Lee Cardello-Smith and Carli Carpenter. (ECF No. 1.) Cardello-Smith is confined at the Kinross Correctional Facility in Kincheloe, Michigan. Carpenter was a complainant in one of Cardello-Smith's criminal cases. She purports to file this petition on his behalf.[1] The petition appears to be signed by both Cardello-Smith and Carpenter.

---

[1] The petition states that it is "brought jointly" by Cardello-Smith and Carpenter. (ECF No. 1, PageID.2, 4.) The Court construes the petition as being filed by Cardello-Smith and by Carpenter on Cardello-Smith's behalf, given that the petition seeks Cardello-Smith's release from custody. (*See id.*)

(*Id.* at PageID.4.)

Promptly after the filing of a petition for a writ of habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Proceedings; *see* 28 U.S.C. § 2243; *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) ("Under [28 U.S.C. § 2243] the District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face."). If the Court determines that the petitioner is not entitled to relief, the Court must dismiss the petition. Rule 4, Rules Governing § 2254 Proceedings. No response to a habeas petition "is necessary when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself without need for consideration" of a response from the State. *Allen*, 424 F.2d at 141.

For the reasons that follow, the petition is summarily dismissed.

I. Background

The Michigan Department of Corrections Offender Tracking Information System, which this Court is permitted to take judicial notice

of, *see Ward v. Wolfenbarger*, 323 F. Supp. 2d 818, 821 n.3 (E.D. Mich. 2004), indicates that Cardello-Smith is serving multiple lengthy sentences imposed in separate criminal proceedings in Wayne County Circuit Court. He was convicted of two counts of third-degree criminal sexual conduct in 1998, six counts of first-degree criminal sexual conduct and two counts of kidnapping in 2008, and four counts of first-degree criminal sexual conduct in 2019.

In 2007, Cardello-Smith's habeas corpus petition challenging his 1998 convictions was denied as untimely. *Smith v. White*, No. 06-306, 2007 U.S. Dist. LEXIS 103072 (W.D. Mich. Aug. 28, 2007) (adopting report and recommendation of magistrate judge).

Cardello-Smith's habeas corpus petition challenging his 2008 convictions was denied on the merits. *Smith v. Bauman*, No. 5:10-cv-11052, 2016 WL 898541 (E.D. Mich. Mar. 9, 2016), *reconsideration denied* 2016 WL 4662435 (E.D. Mich. Sept. 7, 2016); *Smith v. Bauman*, No. 16-1545, 2017 WL 5135543 (6th Cir. Jan. 31, 2017) (denying a certificate of appealability).

Cardello-Smith was also denied habeas relief on the merits with respect to his 2019 convictions. *Smith v. Burt*, No. 1:19-cv-759, 2020 WL

1910025 (W.D. Mich. Apr. 20, 2020); *Smith v. Burt*, No. 20-1457, 2020 WL 6738108 (6th Cir. Oct. 16, 2020) (denying a certificate of appealability).

Additionally, Cardello-Smith has been denied permission to file successive petitions multiple times by the Sixth Circuit Court of Appeals. *See Cardello-Smith v. Probable Cause Conf. Dirs.*, No. 25-cv-12569, 2025 WL 2472119, at *1 (E.D. Mich. Aug. 27, 2025) (discussing cases).

Cardello-Smith also has an extensive history of filing frivolous civil rights lawsuits. He "has had at least seven civil rights complaints dismissed for being frivolous or malicious or for failing to state a claim." *Cardello-Smith v. Combs*, No. 24-cv-12737, 2024 WL 4819571, at *1 (E.D. Mich. Nov. 18, 2024) (collecting cases). At least one court has found that Cardello-Smith "appears to have fabricated evidence." *Smith v. Burk*, 1:19-cv-1018, 2022 WL 4395911, at *2 (W.D. Mich. Sep. 22, 2022). Cardello-Smith's "litigation record includes many cases that courts have deemed meritless or duplicative." *Cardello-Smith v. Combs*, No. 24-cv-12647, 2025 WL 269167, at *6 (E.D. Mich. Jan. 22, 2025).

Because of this extensive history of vexatious and frivolous litigation, the undersigned enjoined Cardello-Smith from filing any

4

additional cases in this district without leave of court. *See Cardello-Smith v. Combs*, No. 24-12647, 2025 WL 1951722 (E.D. Mich. June 30, 2025). The Court imposed the following restrictions:

> First, Plaintiff Derrick Lee Cardello-Smith is ENJOINED from filing any new lawsuits or other documents in the Eastern District of Michigan without first seeking and obtaining leave of court. Specifically, he must receive written permission from the Chief Judge or the Miscellaneous Duty Judge by following the requirements below:
>
>> 1. If Cardello-Smith wishes to file any document in the U.S. District Court for the Eastern District of Michigan, including a complaint, he must file a "Motion Pursuant to Court Order Seeking Leave to File."
>>
>> 2. With the above Motion Pursuant to Court Order Seeking Leave to File, Cardello-Smith must attach the following as exhibits:
>>
>>> a. A copy of the document he proposes to file;
>>>
>>> b. A copy of this Order;
>>>
>>> c. A written declaration which he has prepared pursuant to 28 U.S.C. § 1746 or a sworn affidavit, certifying that (1) the document raises a new issue which has never been previously raised by him in this or any other court, (2) the claim or issue is not frivolous, and (3) the proposed filing is not being filed in bad faith;
>>>
>>> d. A document containing a list showing (1) the complete caption of every suit that has been previously filed by him or on his behalf in any court against each defendant

> in any new suit he wishes to file and (2) the complete caption of every suit which he has currently pending;
>
> e. A complete set of copies of each Complaint identified and listed in the document required by subparagraph (d) above, along with a record of its disposition.

The Court may deny any Motion for leave to file if it does not comply with the above requirements or if the proposed filing is duplicative, frivolous, vexatious, or harassing. If the Motion is denied, the proposed filing shall not be accepted for filing. Cardello-Smith's failure in any way to comply fully with the terms of this Order shall be sufficient grounds to deny any Motion for leave to file.

Further, to prevent future harassment and waste of the Court's limited resources, the Clerk's office is ORDERED as follows:

> 1. Any document submitted by Cardello-Smith shall not be accepted for filing unless it is a "Motion Pursuant to Court Order Seeking Leave to File" and unless it contains the exhibits described above.
>
> 2. The Clerk's Office shall not accept any filing fees, cover sheets, in forma pauperis applications, or any other documents, in connection with any "Motion Pursuant to Court Order Seeking Leave to File," which Cardello-Smith files, unless and until leave has been granted.

*Id.* at *11–12.

## II. Discussion

The petition for a writ of habeas corpus will be dismissed for two

6

reasons.

First, Carpenter lacks standing to file a habeas petition on behalf of Cardello-Smith. An application for a writ of habeas corpus may be filed by one person on behalf of another. *See* 28 U.S.C. § 2242 ("Application for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf."). However, "next friend" status is not granted automatically. *See Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990).

Two "firmly rooted prerequisites" must be satisfied before "next friend" status will be conferred. *Id*. "First, a 'next friend' must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action." *Id.* (internal citations omitted). "Second, the 'next friend' must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate." *Id.* Courts impose these restrictions on who may act as a "next friend" because "[i]t was not intended that the writ of habeas corpus should be availed of, as matter of course, by intruders or uninvited meddlers, styling themselves next friends." *Id.* at 164 (internal citations omitted).

7

Carpenter does not indicate that Cardello-Smith cannot represent his own interests. Indeed, he clearly represents his own interests in this jointly filed petition. The fact that Cardello-Smith previously has not obtained the relief he seeks does not render him unable to represent his own interests. Carpenter therefore may not pursue relief on Cardello-Smith's behalf.

Second, as set forth above, Cardello-Smith has been enjoined by this Court from filing any additional lawsuits or other filings in the United States District Court for the Eastern District of Michigan unless he files a motion for leave to file together with the documentation required by the Court's order. *Cardello-Smith*, 2025 WL 1951722, at *11–12. Cardello-Smith failed to file the requisite motion and documentation, and he failed to obtain the Court's permission to proceed with this case. Accordingly, Cardello-Smith is enjoined from filing this petition for a writ of habeas corpus, and the petition will be dismissed.

### III. Conclusion

For the reasons set forth above, the petition for a writ of habeas corpus (ECF No. 1) is DISMISSED.

The Court DENIES a certificate of appealability because jurists of

8

reason would not debate that Carpenter may not file a habeas petition on Cardello-Smith's behalf or that Cardello-Smith has not obtained the required permission to proceed with this case. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000).

IT IS SO ORDERED.

Dated: November 24, 2025      s/Judith E. Levy
   Ann Arbor, Michigan       JUDITH E. LEVY
                                                   United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 24, 2025.

                                         s/William Barkholz
                                         WILLIAM BARKHOLZ
                                         Case Manager